IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No:    3:25-cr-262-MGL |
| v. | |
| **TOBIAS CARPENTER** | **AMENDED PLEA AGREEMENT** |

### General Provisions

This PLEA AGREEMENT is made this 26th day of May , 2026, between the United States of America, as represented by United States Attorney BRYAN P. STIRLING, Assistant United States Attorney Scott Matthews, Assistant United States Attorney Elliott Daniels; the Defendant, **TOBIAS CARPENTER**, and Defendant's attorneys, Jenny Smith and Nathaniel Brady.  IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1.    The Defendant agrees to plead guilty to Counts 1 and 2 of the Indictment now pending, which charge "***Production and Transfer of Obscene Material***," a violation of Title 18, U.S.C., § 1466A(a)(1) (Count 1) and "***Receiving Child Pornography***," a violation of Title 18, U.S.C., § 2252A(a)(2) (Count 2).  In order to sustain its burden of proof, the Government is required to prove the following:

### Count 1
*(Production and Transfer of Obscene Material)*

A.    First that the defendant knowingly produced, distributed, received or possessed with intent to distribute a visual depiction of any kind, including a drawing, cartoon, sculpture, or painting;

B.    Second, that the visual depiction represents a minor engaged in sexually explicit conduct;

C.    Third, that the visual depiction is obscene; and

D.    Fourth, that the defendant know of the sexually explicit and obscene nature of the visual depiction; and,

1

E.    Fifth, that the visual depiction was shipped or transported in interstate or foreign commerce by any means in a communication involved in or made in furtherance of the offense that is communicated or transported by the mail, or in interstate or foreign commerce by any means, including by computer, or any means or instrumentality of interstate or foreign commerce is otherwise used in committing or in furtherance of the commission of the offense.

*The penalty for this offense is*: a fine of $250,000 and imprisonment for not less than 5 years and not more than 20 years and a term of supervised release of not more than 3 years, plus a special assessment of $100.

## Count 2
### *(Receiving Child Pornography)*

A.    First, that the defendant received or distributed;

B.    Second, any child pornography or any material that contained child pornography;

C.    Third, that had been mailed, or using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer; and

D.    Fourth, that the defendant acted knowingly.

*The penalty for this offense is*: a fine of $250,000 and imprisonment for not less than 5 years and not more than 20 years and a term of supervised release of not less than 5 years and up to Life, plus a special assessment of $100, an additional special assessment of $5,000 pursuant to the Justice for Victims of Trafficking Act – 18 U.S.C. § 3014(a), and an additional special assessment of up to $35,000 pursuant to 18 U.S.C. § 2259A.

2.    Provided the Defendant complies with all the terms of this Agreement, the United States agrees to move to dismiss the remaining counts of the Indictment [and any other indictments under this number] at sentencing. The Defendant understands that the Court may consider these dismissed counts as relevant conduct pursuant to §1B1.3 of the United States Sentencing Commission Guidelines.

3.    The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be

sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

4.  The parties hereby agree that this Plea Agreement, together with any written provisions disclosed during the Rule 11 plea hearing in accordance with Fed. R. Crim. P. 11(c)(2), contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the Court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

5/22/26
Date

TOBIAS CARPENTER, DEFENDANT

5/22/2026
Date

JENNY SMITH,
ATTORNEY FOR THE DEFENDANT

5/22/2026
Date

NATHANIEL BRADY
ATTORNEY FOR THE DEFENDANT

BRYAN P. STIRLING
UNITED STATES ATTORNEY

5/26/2026
Date

SCOTT MATTHEWS (#13779)
ELLIOTT B. DANIELS (#11931)
ASSISTANT UNITED STATES ATTORNEYS

4